# In the United States Court of Federal Claims

No. 19-1679

(Filed: November 1, 2019)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ROBERT CLAY JACKSON III,

*Plaintiff,*

v.

THE UNITED STATES,

*Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Plaintiff Robert Clay Jackson III, appearing *pro se*, filed his complaint seeking approximately $52 million in monetary damages and injunctive relief for alleged violations of his constitutional and statutory rights by the Department of Justice.[1] Plaintiff argues, specifically, that United States and Department of Justice have violated his Eighth and Fourteenth Amendment rights, causing him severe damage. Although the exact theories of the plaintiff's claim are uncertain, it is certain that we do not have jurisdiction to entertain his claims.

A plaintiff, even when proceeding *pro se*, must demonstrate that the court has jurisdiction over his claim. *Reynolds v. Army & Air Force Exchange Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("COFC"). This court has jurisdiction under the Tucker Act to adjudicate claims for monetary relief against the United States. 28 U.S.C. § 1491(a)(1) (2012) ("The COFC shall have jurisdiction to render judgment

---

[1] Plaintiff has neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*. While his filing fee remains due, we decline to wait for either a fee or a motion for leave to proceed *in forma pauperis*, in light of the fact that we plainly do not have jurisdiction.

upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."). To invoke our jurisdiction, plaintiff must assert a claim regarding some violation of a money-mandating law or contract provision. *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005).

Although this court has jurisdiction over some claims arising from the Constitution, it is well established that this court does not have jurisdiction to hear plaintiff's claim based upon an alleged violation of the Eight Amendment. *Trafny v. U.S.*, 504 F.3d 1339, 1340 (Fed. Cir. 2007) ("[t]he Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment is not a money-mandating provision.") (internal quotations and citations omitted). This court also lacks jurisdiction over tort claims. *Id.* (citing 28 U.S.C. § 1491(a)(1)). Thus, Mr. Jackson's Eighth Amendment claim and claims "sounding in tort" are not within this court's jurisdiction. The same holds true regarding Mr. Jackson's Fourteenth Amendment claim. *Edelmann v. U.S.*, 76 Fed. Cl. 376 (2007).

As to the civil rights violation alleged by Mr. Jackson by his reference to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. §§ 1981, 1983 (2018), this court also lacks jurisdiction over such claims. *Elkins v. United States*, 229 Ct. Cl. 607, 608 (1981) ("[W]e do not have jurisdiction over claims based upon alleged violations of the civil rights laws.") (citations omitted).

Because plaintiff has failed to show that the court has jurisdiction over his claims, his complaint must be dismissed. Accordingly, the Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and enter judgment accordingly. No costs.

Eric G. Bruggink
Senior Judge